[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10256
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2009
THOMAS K. KAHN
CLERK

Agency No. A095-241-847

JULIO JIMENEZ PABLO,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 31, 2009)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Julio Jimenez Pablo, a native and citizen of Guatemala, seeks review of the

BIA's decision affirming the IJ's order finding him removable and denying his asylum and withholding of removal applications under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). The IJ found, and the BIA agreed, that Pablo had not established a fear of persecution by guerilla members or the Guatemalan army on the basis of his former military service and Mayan ancestry.[1]

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has the discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is defined in the INA as an individual who is unwilling or unable to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion .

---

[1] When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the BIA's legal determinations de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). We "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1227 (quotation omitted).

. . ." INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). Resisting a guerilla organization is not by itself proof of the resister's political opinion, and the asylum seeker must prove that guerillas will persecute him based on a protected ground, rather than because of his refusal to fight with them. INS v. Elias-Zacarias, 502 U.S. 478, 482-83, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992); see also Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438-39 (11th Cir. 2004) (citing Elias-Zacarias, 502 U.S. at 482, 112 S.Ct. at 816).

The asylum applicant carries the burden of proving statutory "refugee" status. Al Najjar, 257 F.3d at 1284. To establish asylum eligibility, the alien may, with specific and credible evidence, establish a "well-founded fear" that a statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287. "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a statutory factor]." Al Najjar, 257 F.3d at 1287 (internal quotation marks and citation omitted) (emphasis in original). An applicant's fear of persecution must be both "subjectively genuine and objectively reasonable." Id. at 1289; see also 8 C.F.R. § 208.13(b)(2).

To establish past persecution, the alien must prove that (1) he was persecuted, and (2) the persecution was on account of a protected ground. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). The asylum applicant does

not need to show that he will be singled out for persecution if he establishes a "pattern or practice" in his country of "persecution of a group of persons similarly situated" and a reasonable fear of persecution on account of a protected ground based on her inclusion in that group. 8 C.F.R. § 208.13(b)(2)(iii).

Furthermore, the Attorney General "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Evidence of past persecution on account of a protected ground creates a presumption that his life or freedom would be threatened upon return to his country, but this presumption may be rebutted if country conditions have fundamentally changed or the person could safely relocate within the country. 8 C.F.R. § 208.16(b)(1)(I).

As a preliminary matter, Pablo has abandoned any claims regarding denial of CAT relief, because he did not present any argument regarding this issue. Additionally, because Pablo did not raise a "pattern or practice" claim before the BIA, he has failed to exhaust this issue.[2]

Turning to the claims before us, substantial evidence supports the IJ's

---

[2] We lack jurisdiction to consider a claim that was not raised before the BIA, even if the BIA reviews the issue sua sponte. Amaya-Artunduaga v. U.S. Att'y. Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Additionally, when a party fails to offer argument on an issue, that issue is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

conclusion that Pablo did not suffer past persecution. Although the term is not defined by the INA, we have held that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (quotations omitted). Not all exceptional or unjust treatment is persecution. See Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000).

Pablo alleges that he was threatened by guerillas in Guatemala as retaliation for his having fought against them while serving in the military. At some point, although he could not remember when, another man living in his small village was killed, and Pablo believed that the guerillas were responsible for the murder. In 1995, because of his fear that he would be recruited into the military again, Pablo entered the United States. He returned to Guatemala in 2001 after he received news that the Guatemalan government and the guerillas had signed a peace agreement. Upon returning to Guatemala, however, he was threatened by a group of guerillas (who had turned into robbers) and, within one month, he returned to the United States.

Pablo also argues that he would suffer persecution upon return to Guatemala on the basis of his Mayan ancestry. However, he could not point to any family members who had suffered harm, nor had he suffered harm upon his brief return to

5

Guatemala. Moreover, while the applicable Country Reports demonstrate that Mayans suffer discrimination and inequality, such discrimination does not rise to the level of persecution nor does it bear on whether Pablo himself would be singled out for persecution.

We agree with the BIA that Pablo's treatment does not rise to the level of persecution. First, we see no indication in the record that Pablo has established past persecution by guerillas on account of either his military service or his Mayan ancestry. Second, fear of being recruited into the military, without more, does not establish fear of future persecution within the meaning of the INA. Finally, Pablo has offered no proof that he would be singled out based on his Mayan ancestry, and, as noted above, has abandoned any "pattern or practice" argument that would avoid his having to offer this proof. Thus, the BIA's finding that he failed to establish eligibility for asylum is supported by substantial evidence. Since Pablo has not met the burden necessary to support reversal on his asylum claim, his withholding of removal claim was also properly denied.

**PETITION DENIED**.